# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1114V
UNPUBLISHED

| | |
|---|---|
| NICOLE HARDER, as Parent and Legal Representative of Her Minor Son, J.A.H., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 12, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Glen Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for petitioner.

*Mark Hellie*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 31, 2019, Nicole Harder filed a petition for compensation on behalf of her minor son, J.A.H., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her son suffered an intussusception that required surgical intervention as a result of a rotavirus vaccination on September 19, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for intussusception. On March 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$4,087.04 for past unreimbursable expenses and an amount sufficient to purchase an annuity contract as described in Proffer Section II.B.. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 3. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $ 4,087.04 in the form of a check payable to Petitioner for past unreimbursable vaccine-related medical expenses.** This amount represents all elements of compensation to which J.A.H. would be entitled under § 300aa-15(a)(1)(B);

- **An amount sufficient to purchase the annuity contract described in the Proffer Section II.B.** This amount represents all remaining elements of compensation to which J.A.H. would be entitled under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        <u>**s/Brian H. Corcoran**</u>
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE HARDER, as Parent and Legal Representative of Her Minor Son, J.A.H., ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) ) | No. 19-1114V (ECF) Chief Special Master Corcoran |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Procedural History**

On January 3, 2020, respondent filed a Vaccine Rule 4(c) report concluding that J.A.H. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34.  Accordingly, on February 19, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that J.A.H. developed intussusception as a result of receiving a rotavirus vaccine administered on September 19, 2018.

**II.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should J.A.H. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

A. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to J.A.H.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,087.04. Petitioner agrees.

B. <u>Annuity</u>

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to J.A.H. as set forth below:

> 1. $17,275.04 payable in a certain lump sum on 05/14/2039.
> 2. $18,729.05 payable in a certain lump sum on 05/14/2042.
> 3. $20,146.26 payable in a certain lump sum on 05/14/2045.

Should J.A.H. predecease any of the certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.A.H.'s death.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
> 
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
> 
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
> 
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

This amount represents all elements of compensation to which J.A.H. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

### III.   Summary of Recommended Payments Following Judgment

    A.    Past unreimbursable expenses:    **$4,087.04**
    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4208

Dated: March 9, 2020

---

[5] At the time payment is received, J.A.H. will be an adult, and thus guardianship is not required.

3