# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1114V
(not to be published)

| | |
|---|---|
| NICOLE HARDER, as Parent and Legal Representative of Her Minor Son, J.A.H, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: May 4, 2020 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Glen Howard Sturtevant, Jr., Rawls Law Group, Richmond, VA, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 31, 2019, Nicole Harder filed a petition for compensation on behalf of her minor son, J.A.H., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her son suffered an intussusception that required surgical intervention as a result of a rotavirus vaccination

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on September 19, 2018. (Petition at 1). On March 12, 2020, a decision was issued awarding compensation to Petitioner based on Respondent's proffer. (ECF No. 21).

Petitioner has now filed a motion for attorney's fees and costs, dated March 25, 2020 (ECF No. 25), requesting a total award of $19,485.12 (representing $17,835.80 in fees and $1,649.32 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating that no out-of-pocket expenses were incurred in the prosecution of this case. (ECF No. 25-3). Respondent reacted to the motion on April 8, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. (ECF No. 26). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the requested amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d. at 1522. Furthermore, a special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of her attorneys: for Whit Long, $238 per hour for work performed in 2018; and for Glen Sturtevant, $326 for work billed in 2018, $339 for work billed in 2019, and $353 for 2020 time. (ECF No. 25-1 at 4, 9, and 13). Petitioner also requests rates ranging from $152.00 per hour to $163.00 per hour for paralegal work, depending on the individual paralegal and the year of the work. (*Id*).

The rates requested for Mr. Sturtevant and the paralegals are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020. Accordingly, no adjustment to the requested rates is necessary. However, I will make an adjustment for Mr. Long's 2018 rate. The rate requested exceeds Mr. Long's previously-awarded rate of $200 for time billed in 201. *See,* e.g., *Rowell v. Sec'y of Health & Human Servs.,* No. 18-1951V, slip op. at 37 (Fed. Cl. Spec. Mstr. April 14, 2020). I therefore reduce Mr. Long's rate the previously awarded rate of 2018 to $200 per hour. This reduces the fees to be awarded in the amount of **$26.60**.[3]

## ATTORNEY COSTS

Petitioner requests $1,694.32 in overall costs.  (ECF No. 25 at 2). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,503.52** (representing $17,809.20 in attorney's fees and $1,694.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[3] This amount consists of $238 - $200 = $38 x 0.70 hrs = $26.60.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master